UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PELICAN RENEWABLES 3, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIRECTSUN SOLAR ENERGY AND TECHNOLOGY, LLC, et al., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 1:15-CV-3763-RWS |

**O R D E R**

This case is before the Court on Defendant Gabriel's Motion to Dismiss [125]. Per the Court's prior Order [131], Plaintiff Pelican Renewables 3, LLC filed a Response [135] providing a list of its members and their residences as of early 2015. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (A limited liability company "is a citizen of any state of which a member of the company is a citizen."). But it must do more.

Despite a prior pleading deficiency, a court "need not vacate a decision on the merits if the evidence submitted during the course of the proceedings cures any jurisdictional pleading deficiency by convincing [the Court] of the parties' citizenship." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

Here, however, the list provided by Pelican concerning the individual members of Pelican Renewables 3 does not convince the court of the parties' diverse citizenship, for three reasons.

First, Pelican only asserted the members' "locations" or "residence," not their domiciles. [Dkt. 135-4 at ¶ 4]. But alleging residence is not enough. "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013). Domicile requires both residence in a state and the intent to remain there indefinitely. Id. at 1269. Pelican must assert both for each member.

Second, Pelican only asserted their residence as of the beginning of 2015, not at the time the Complaint was filed. As the Court indicated in its prior Order, "The citizenship inquiry takes place *as of the date on which the Complaint was filed*." [Dkt. 131 at 2 (emphasis added)]. Thus, Pelican must assert each member's domicile as of the time of the Complaint.

The third issue presents a particular problem in light of the two principles above. Pelican indicated that one member "may have been a citizen of Georgia" at the beginning of 2015. [Dkt. 135-4 at ¶ 5]. Pelican asserted that the member moved to North Carolina "sometime after" the company's formation, but did not indicate

when that occurred. Pelican must establish that the member was not a citizen of Georgia at the time the suit was filed.

Therefore, Pelican is **ORDERED** to **SHOW CAUSE** why the case should not be dismissed for lack of subject matter jurisdiction by filing a supplemental Response within 14 days of this Order. If Pelican wishes to file a redacted version of its Response to protect the privacy of the individual members in accordance with the Court's prior Order [138], it may do so. If it does, it should note that the documents are redacted, and it must submit the unredacted versions to the Court for an *in camera* review.

The deadline for Defendant Gabriel's Reply is extended to 14 days after the date Pelican's Response is due.

**SO ORDERED** this 26th day of November, 2019.

_____
**RICHARD W. STORY**
United States District Judge